**Darwin M. JACKSON, Appellant,**

v.

**Charlene M. JACKSON, Appellee.**

**No. 2585.**

Municipal Court of Appeals for the District of Columbia.

Argued July 18, 1960.

Decided Sept. 27, 1960.

---

---

Frederick R. Wilson, Washington, D. C., with whom William T. Ham, Washington, D. C. was on the brief, for appellant.

Frank R. Cook, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant sued for absolute divorce on the ground of desertion. After answer was filed the case was set for pretrial hearing on December 18, 1959, and appellant received advance notice in writing to appear at that time accompanied by counsel. The notice sent to his attorney read in part:

"Rule 16 of the 'M' Rules of the Municipal Court applies to this case. We call your attention to this sentence thereof:

"'If any party fails to appear at the pre-trial the Court may act as in the case of nonappearance for final trial.'"

Appellant failed to appear at the hearing and the court thereafter entered the following order:

"This cause came on for pre-trial hearing at this term, and thereupon, upon the consideration thereof, it was ascertained as a matter of fact by the Court that the defendant [appellee] did appear with her counsel of record, Frank R. Cook, and that the plaintiff [appellant] appeared solely through his counsel of record without plaintiff's presence at said hearing, whereupon plaintiff's counsel stated to the Court that plaintiff had that day conferred with his counsel, but had refused to appear for said hearing at the designated time therefor of which plaintiff had been apprised, and the Court finding all the aforesaid, it is, by the Court, this 21st day of December, 1959, ordered and adjudged as follows:

"1. That the complaint for absolute divorce upon the ground of desertion for more than two years filed herein be, and it is herewith, dismissed with prejudice for plaintiff's refusal to appear for pre-trial or reconciliation as a party to this cause, with costs to the plaintiff. * * *"

Appellant then filed a motion to vacate the order of dismissal. This was accompanied by an affidavit explaining that appellant had remained away because he had been informed his presence was not required. The motion was denied, and this appeal followed.

Appellant now urges that the court abused its discretion in ordering a dismissal, and that this was too drastic a punishment for his failure to comply with the rules.

We cannot agree. In its order, the court made a finding of fact that appellant refused to appear at the hearing, and the record amply supports this finding. We have here a flagrant disregard of a court directive by a litigant. The trial judge's action was in accordance with court rules and appears to be in conformity with the practice in federal courts. See 3 Moore, Federal Practice § 16.07 (2d ed. 1948); Barron and Holtzoff, Federal Practice and Procedure § 473. We find no abuse of discretion on the part of the trial judge in entering the dismissal or in refusing to set it aside.

Affirmed.